PER CURIAM.
 

 A jury found the defendant, Russell Peeler, guilty of, among other things, one count of capital felony in violation of General Statutes (Rev. to 1999) § 53a-54b (8) and one count of capital felony in violation
 of General Statutes (Rev. to 1999) § 53a-54b (9) in connection with the 1999 shooting deaths of a woman and her young son, and, following a capital sentencing hearing, the trial court,
 
 Devlin, J.,
 
 rendered judgment imposing two death sentences.
 
 [1]
 
 This appeal of the defendant's death sentences is controlled by
 
 State v. Santiago,
 

 318 Conn. 1
 
 ,
 
 122 A.3d 1
 
 (2015), in which a majority of this court concluded that, following the enactment of No. 12-5 of the 2012 Public Acts (P.A. 12-5), executing offenders who committed capital crimes prior to the enactment of P.A. 12-5 would offend article first, §§ 8 and 9, of the Connecticut constitution. See, e.g.,
 
 Conway v. Wilton,
 

 238 Conn. 653
 
 , 658-62,
 
 680 A.2d 242
 
 (1996) (explaining scope of and rationale for rule of stare decisis). Our conclusion that the defendant's death sentences must be vacated as unconstitutional in light of
 
 Santiago
 
 renders moot the defendant's other appellate claims.
 

 The judgment is reversed with respect to the imposition of two sentences of death and the case is remanded with direction to impose a sentence of life imprisonment without the possibility of release on each capital felony count; the judgment is affirmed in all other respects.
 

 In this opinion ROGERS, C.J., and PALMER, EVELEIGH, McDONALD and ROBINSON, Js., concurred.
 

 The facts and procedural history of the case are presented more fully in
 
 State v. Peeler,
 

 271 Conn. 338
 
 , 343-57,
 
 857 A.2d 808
 
 (2004), cert. denied,
 
 546 U.S. 845
 
 ,
 
 126 S.Ct. 94
 
 ,
 
 163 L.Ed.2d 110
 
 (2005).