******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DANIEL WEBB *v*. COMMISSIONER OF CORRECTION
(SC 18857)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Vertefeuille, Js.

*Argued October 22, 2013—officially released July 26, 2016*

*Michael O. Sheehan*, with whom was *Richard A. Reeve*, for the appellant (petitioner).

*Timothy J. Sugrue*, assistant state's attorney, and *Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, chief state's attorney, *Matthew A. Weiner*, assistant state's attorney, and *Michael E. O'Hare*, former senior assistant state's attorney, for the appellee (respondent).

*Hope R. Metcalf* and *Constance de la Vega*, pro hac vice, filed a brief for certain experts on international human rights and comparative law as amici curiae.

*Alex V. Hernandez* and *Brian W. Stull* filed a brief for certain legal historians and scholars as amici curiae.

*Opinion*

PER CURIAM. The petitioner, Daniel Webb, raises the following two claims on appeal: (1) whether the habeas court properly denied his petition for a writ of habeas corpus; and (2) whether the legislature's prospective repeal of the death penalty in No. 12-5 of the 2012 Public Acts (P.A. 12-5) rendered the death penalty, as applied to the petitioner and other defendants sentenced to death for capital felonies committed prior to the effective date of P.A. 12-5, unconstitutional under the state and federal constitutions. The petitioner's second claim is governed by this court's decisions in *State* v. *Santiago*, 318 Conn. 1, 9–10, 119, 122 A.3d 1 (2015), and *State* v. *Peeler*, 321 Conn. 375, 377,     A.3d (2016), in which this court concluded and reaffirmed, respectively, that the imposition of the death penalty on defendants sentenced to death for capital felonies committed before the effective date of P.A. 12-5 would be unconstitutional under the Connecticut constitution. Accordingly, we conclude that the judgment of the habeas court must be reversed on this ground and that the case must be remanded to the habeas court with direction to order the trial court to resentence the defendant according to law.

The record reveals the following procedural history. After a jury trial, the petitioner was found guilty of capital felony and other crimes arising from, inter alia, the kidnapping and murder of the victim in the city of Hartford in 1989.[1] See *State* v. *Webb*, 238 Conn. 389, 392–94, 397–98, 680 A.2d 147 (1996). After a separate penalty phase hearing before the same jury, the petitioner was sentenced to death. Id., 394, 396. The petitioner appealed to this court from his conviction and death sentence. Id., 392–94. This court affirmed the judgment of the trial court in all respects but remanded the case to the trial court for consideration of the petitioner's claim, raised for the first time on appeal, that death by lethal injection constitutes cruel and unusual punishment under the state constitution. See id., 396–97, 488–89, 551. On remand, the trial court concluded that the petitioner had failed to satisfy his burden of proving that death by lethal injection is unconstitutional. See *State* v. *Webb*, Superior Court, judicial district of Hartford, Docket No. HHD-CR-50492 (July 7, 1998) (22 Conn. L. Rptr. 369, 370). The petitioner appealed again to this court, and we again affirmed the judgment of the trial court. *State* v. *Webb*, 252 Conn. 128, 130, 147, 750 A.2d 448, cert. denied, 531 U.S. 835, 121 S. Ct. 93, 148 L. Ed. 2d 53 (2000). Thereafter, the petitioner filed a petition for a writ of habeas corpus in which he raised several challenges to his death sentence.[2] The habeas court denied the petition. This appeal followed.[3] After the appeal was filed, we granted permission to the petitioner to file a supplemental brief on the issue of whether the legislature's enactment of P.A. 12-5 ren-

dered the death penalty, as applied to him and other defendants sentenced to death for capital crimes committed before the effective date of the legislation, unconstitutional under the state and federal constitutions.

While this appeal was pending, this court issued its decision in *Santiago*, in which a majority of this court concluded that the enactment of P.A. 12-5 rendered the death penalty unconstitutional under the state constitution with respect to defendants who had been sentenced to death for capital felonies committed before the effective date of the legislation. See *State* v. *Santiago*, supra, 318 Conn. 9–10, 119. In *Peeler*, a majority of this court concluded that the decision in *Santiago* should be upheld. See *State* v. *Peeler*, supra, 321 Conn. 377. Accordingly, we agree with the defendant that the death penalty is unconstitutional as applied to him and that his petition for a writ of habeas corpus should be granted on that ground. We therefore reverse the judgment of the habeas court denying the petitioner's habeas petition and remand the case to that court with direction to render judgment granting the petition and to order the trial court to resentence the petitioner according to law.

The judgment is reversed and the case is remanded with direction to render judgment granting the petition for a writ of habeas corpus and to order the trial court to resentence the petitioner according to law.

[1] The defendant was convicted of capital felony in violation of General Statutes (Rev. to 1989) § 53a-54b (5), murder in violation of General Statutes § 53a-54a (a), felony murder in violation of General Statutes (Rev. to 1989) § 53a-54c, kidnapping in the first degree in violation of General Statutes (Rev. to 1989) § 53a-92 (a) (2) (A) and (B), attempt to commit sexual assault in the first degree in violation of General Statutes (Rev. to 1989) §§ 53a-70 (a) and 53a-49 (a) (2), and criminal possession of a pistol in violation of General Statutes (Rev. to 1989) § 53a-217 (a). See *State* v. *Webb*, 238 Conn. 389, 392–93, 680 A.2d 147 (1996).

[2] For purposes of this appeal, the relevant pleading is the petitioner's fifth amended petition for a writ of habeas corpus, which was filed on December 8, 2004.

[3] The petitioner appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.